TOBIN DON LEMMONS
Name
216 NORTH MURRAY STREET
HELENA OKLAHOMA 73741-9606
Address

FILED
MAY 14 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TOBIN DON LEMMONS, Plaintiff
(Full Name) AND OTHERS SIMILARLY SITUATED

v.

JUSTIN JONES - DIRECTOR D.O.C.
DR. MICHAEL HOUSTON - LARC
DR. JEFFERY TROUTT - JCCC
CHSA KATRYNA FRECH - JCCC, Defendant (s)
DR. JAMES HOWARD JCCC PHYCIATRIST
DR. JOSEPH SMASH JCCC PHYCOLOGIST
MRS. JANET DOWLING WARDEN JCCC
MRS. GENESE MCCOY ARA
MRS. SAMMIE KENYON AMSA
AND OTHER UNKNOWN DEFENDANTS
DR. SHRINER

CASE NO. CIV-13-494 F
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

JURY DEMAND

A. JURISDICTION

REQUEST FOR VERIFIED COMPLAINT PURSUANT TO RULE 28 U.S.C.§1746
AND CLASS ACTION CERTIFICATION

1) TOBIN DON LEMMONS, is a citizen of OKLAHOMA
(Plaintiff) (State)
who presently resides at JAMES CRABTREE CORR. FACILITY 216 N. MURRAY STR.
(Mailing address or place
HELENA OKLAHOMA 73741-9606.
of confinement)

2) Defendant MICHAEL HOUSTON is a citizen of
(Name of first defendant)
LEXINGTON OKLAHOMA, and is employed as
(City, State)
MEDICAL DOCTOR LEXINGTON ASSESSMENT & RECEPTION. At the time the claim(s)
(Posititon and title, if any)
alleged in this complaint arose, was this defendant acting under color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:
DR. MICHAEL HOUSTON DISPLAYED A DILIBERET INDIFFERENCE TO MY MEDICAL TREATMENT/MEDICATIONS FOR A LIFE THREATENING ILLNESSE'S WHILE EMPLOYED AT THE LEXINGTON ASSESMENT & RECEPTION CENTER FOR THE OKLAHOMA DEPARTMENT OF CORRECTIONS

3) Defendant JEFFERY TROUTT is a citizen of
(Name of second defendant)
HELENA OKLAHOMA, and is employed as
(City, State)
MEDICAL DOCTOR. At the time the claim(s)
(Position and title, if any)
alleged in this complaint arose was this defendant acting under color of state law? Yes ☑ No ☐. If your answer is "Yes", briefly explain: DR JEFF TROUTT DISPLAYED DELIBERET INDIFFERENCE TO MY MEDICAL TREATMENT AND MEDICATIONS WHILE EMPLOYED AT THE JAMES CRABTREE CORRECTIONAL FACILITY

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.) 42 U.S.C.§1983, 28 U.S.C. 1331, 1343, 1367 42 U.S.C. 1997(A-C), 12101. 5 U.S.C. 552(a) 29 U.S.C.§794, The court has supp-lemental jurisdiction over the Plaintiffs State Law tort claims, 42 U.S.C. 1985, 1988, 1986 all other applicable statutes favorable.

## B. NATURE OF THE CASE

1) Briefly state the background of your case. Plaintiff an inmate in the Oklahoma department of Corrections arrived into the O.D.O.C. on August 23RD 2011 from the Pawnee County Sheriffs department. on Aug 23RD 2011 Plaintiff went through the Lexington assessment and reception Center with a 23 year history of several types of seizures (EPILEPTIC) Generalized Tonic Clonic seizures, and (NON EPILIPTIC) PSEDOSEIZURES, PHYCOGENIC SEIZURES, Plaintiffs medical records from prior incarcerations Volumes I, II, III, IV and V WERE AVAILABLE ALONG with jail records, private Physicians for the intake Personell to review at L.A.R.C. and J.C.C.C. advising the defendants of his life threatening Condition and other chronic medical problems that require treatment, Degenerative disc disease of the neck and back with extreme spuring, a spur in T.7 of the neck, Plantars fuccitis of both feet, Hepatitis 'C', undiagnosed Abdominal pain that could be Cancer related, the defendants have refused the Plaintiff medical treatment and Continues to do So, the defendants have Continiously denied Plaintiff medications Causing him to suffer from both types of Seizures inhumanely, incompassionately Causing him Cruel and unusual punishment, allowing all his medical Conditions to remain untreated for the last 18 months

DEFENDANT JUSTIN JONES IS A CITIZEN OF OKLAHOMA CITY, OKLAHOMA, AND IS EMPLOYED AS THE DIRECTOR FOR THE OKLAHOMA DEPARTMENT OF CORRECTIONS AT THE TIME THIS CLAIM ALLEGED IN THIS COMPLAINT AROSE THE DEFENDANT WAS ACTING UNDER COLOR OF STATE LAW, MR. JONES IS RESPONSIBLE FOR THE ENFOREMENT OF POLICIES AND PROCEDURES AND THE EMPLOYEE'S ACTION'S THE DEPARTMENT OF CORRECTIONS EMPLOYEE'S AT THE LEXINGTON ASSESSMENT AND RECEPTION CENTER IN CONCERT WITH NUMEROUS EMPLOYEE'S AT THE JAMES CRABTREE CORRECTIONAL FACILITY COMBINED TOGETHER TO VIOLATE PLAINTIFFS RIGHT TO ADEQUATE MEDICAL TREATMENT AND PROPER MEDICATION TO A LIFE THREATENING ILLNESS FROM THE DATE OF PLAINTIFF'S RECEPTION AUGUST 23RD 2011 TO ONGOING AND CONTINUING UNDER COLOR OF STATE LAW. *SUED IN OFFICIAL AND INDIVIDUAL CAPACITY ARE ALL DEFENDANTS

DEFENDANT JANETT DOWLING IS A CITIZEN OF HELENA OKLAHOMA, AND IS EMPLOYED AS INTERIM WARDEN/ DEPUTY WARDEN FOR THE JAMES CRABTREE CORR. FACILITY AT THE TIME THE ALLEGATIONS IN THIS COMPLAINT AROSE, MS. DOWLING IS RESPONSIBLE FOR THE ACTIONS OF HER EMPLOYEE'S AT THIS FACILITY, AND THE ADEQUATE CARE OF THE INMATES CONFINED WITHIN THIS FACILITY, MS DOWLING WAS WELL AWARE FROM NOVEMBER 11TH 2011 UNTIL THE DATE OF THE FILING OF THIS COMPLAINT AS TO THE ACTIONS BEING CARRYIED OUT AGAINST THE PLAINTIFF BY HER STAFF AND MEDICAL PERSONELL ONGOING SINCE SEPT 7TH 2011

DEFENDANT KATRYNA FRECH IS A CITIZEN OF HELENA OKLAHOMA, AND IS EMPLOYED AS THE CORRECTIONAL HEALTH SERVICES ADMINISTRATOR FOR THE JAMES CRABTREE CORRECTIONAL FACILITIES MEDICAL DEPARTMENT, MS. K FRECH ACTED UNDER COLOR OF STATE LAW AT THE TIME THIS COMPLAINT AROSE BY INTERPERATING POLICY AND PROCEDURE AS SHE SEEN FIT ON CASE BY CASE BASIS CREATING A HOSTILE AND FRUSTRATING WORK ENVIROMENT FOR BOTH THE EMPLOYEE'S AND THE INMATES AT THIS FACILITY BY DENYING ADEQUATE MEDICAL TREATMENT AND REFUSING TO ANSWER INMATE REQUESTS DETERING THE POPULATION FROM THE ACCESS TO THE FACILITY GRIEVANCE PROCEDURE AND ALLOWING THIS PLAINTIFF TO RECEIVE PROPER MEDICATIONS AND MEDICAL TREATMENT FOR A LIFE THREATENING ILLNESS FROM THE DATE SEPT. 7TH 2011 TO ONGOING WHILE ACTING UNDER COLOR OF STATE LAW.

DEFENDANT. GENESE MCCOY IS A CITIZEN OF OKLAHOMA CITY AND IS EMPLOYED AS MEDICAL SERVICES ADMINISTRATOR FOR THE OKLAHOMA DEPARTMENT OF CORRECTIONS AND ACTED UNDER COLOR OF STATE LAW AT THE TIME THE ALLEGATIONS IN THIS COMPLAINT AROSE, MS. MCCOY IS RESPONSIBLE FOR OVERSEEING THE MEDICAL SERVICE FOR A HOST OF CORRECTIONAL FACILITIES WITHIN THE STATE OF OKLAHOMA, AND KNEW OF THE MEDICAL ISSUES FROM NOVEMBER 22ND 2011 WHEN SHE INTERCEPTED CORRESPONDENCE TO MR SUTEMILLER whom have continually KNOWN OF THE PLAINTIFFS CONDITIONS TO DATE.

DEFENDANT SAMMIE KENYON. AND UNKNOWN DEFENDANTS acted under color of state law/Federal law at the time this complaint arose, By Depriving the Plaintiff of his right to due process and a minimal right to health care as afforementioned in the acts of the other defendants whom have official and administrative positions within the department of Corrections, to include unknown legal assistants for the O.D.O.C. whom are located at D.O.C. Headquaters 3400 MLK BLVD. Okla. City Okla 73111 ET. AL,

DEFENDANT James HOWARD acted under Color of State/federal law at the time the Complaint arose by displaying a deliberat indifference to Plaintiffs medical treatment while employed at the James Crabtree Corr. Center as the facility Physicatrist located at JCCC, 216 N. MURRAY STR. Helena Oklahoma, 73741

Defendant DR. Shriner acted under Color of State law by displaying a deliberat indifference to Plaintiff medications and medical treatment while employed as DR. James Howards boss for the dept. of Corrections headquarters located at 3400 M.L.K. BLVD., Okla-City Oklahoma. 73111

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: MEDICAL NEGLIGENCE / DELIBERET INDIFFERENCE TO AND DENIAL OF APPROPRIATE MEDICAL TREATMENT TO A LIFE THREATENING ILLNESS UNDER THE 8th AMMENDMENT, CRUEL AND UNUSUAL PUNISHMENT UNDER THE 14th AMMENDMENT RIGHT TO DUE PROCESS and Violation of state law. and other Statutes applicable to the Pro-se Plaintiff

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and date. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

(1) Plaintiff arrived at the Lexinton assessment and reception center from the Pawnee County Sheriffs department on august 23RD 2011.

(2) Plaintiffs medical records and medications were given to intake personell at L.A.R.C. by Sheriff deputy Keith Hammons, a defendant in a lawsuit against Pawnee County that directly relates to the filing of this complaint against the Oklahoma department of Corrections.

B) (1) Count II: DENIAL OF 6th AMMENDMENT RIGHT TO ACCESS TO THE COURT, DENIAL OF 14th AMMENDMENT RIGHT TO DUE PROCESS Conspiring one with the other under 42 U.S.C. 1985, 81, 86 and other Statutes applicable to the PRO-SE Plaintiff

(2) Supporting Facts: The defendant Dept. of Corrections et.al. have conspired one with the other "Collusively" and in "Conjunction" with the defendants in a Civil rights Complaint filed against the Pawnee County Jail that directly relates to the filing of this complaint, the O.D.O.C is using a Policy that does not apply to the Pawnee County Complaint as a threshold to refuse to answer Plaintiffs request to staff to informally handle his medical attention complaints, and by blocking his access to the grievance Procedure by refusing to answer the R.T.S. which is the first stage of the grievance Process, the R.T.S has to be first answered and attatched to the grievance before it can be filed, Defendant K. Frech intercepts all of Plaintiffs attempts to acess the procedure and returns Plaintiffs R.T.S. unanswered stating that Policy Prohibits the answering of an R.T.S. about matters that are under Pending litigation, Def. Frech has violated this policy several times by answering the R.T.S. and then thereafter used the Policy to deny Plaintiff access to the grievance Process as well as medical treatment and medications.

ODOC = OKLAHOMA DEPT. OF CORRECTIONS (6-A)

XE - 2 7/93 R.T.S. = REQUEST TO STAFF

# CONTINUED SUPPORTING FACTS TO COUNT I

(3) **Plaintiff advised** the L.A.R.C. intake personell of his life threatening illnesses and other medical conditions, and the defendants refused to address his complaints.

(4) **Plaintiff** was **completely removed** off of all his medications, Gabapentin and Clonazepam for seizures, Norco and MS Contin for pain and Carisoprodol for muscle spasms on August 24th 2011.

(5) **Plaintiff went into** a Generalized Tonic Clonic Seizure on August 26th 2011 in a Maximum Security Cell at L.A.R.C. CELL A-4-C

(6) **Plaintiff** assigned roomate **beat on the door** for 10+ minutes before any security officers decided to investigate the disturbance

(7) **Plaintiffs** cell door had a **defective** locking mechanism Cell A-4-C and could not be opened from the central panel, the door had to be manually keyed by the appropriate ranking supervisor.

(8) **Plaintiff sustained** a fall from the top bunk and injured his head and right elbow. and NO Medical attention was given.

(9) **DR. Michael Houston** issued an order for a bottom bunk restriction allegedly on August 23RD 2011, Plaintiff **did not recieve** this order until mid September 2011 at the James Crabtree Correctional facility.

(10) **Security Personell** opened the cell door "**after**" Plaintiff re-gained consciousness and "threw" a sick call slip in the cell and slammed the door shut, there was no incident report made by the withessing officers/medical personell

(11) **Plaintiff submitted** the sick call slip to medical on August 27th 2011

(12) **Plaintiff was seen** by DR. Michael Houston, who during a 3 minute surfing of the computer and no examination continued to discontinue Plaintiffs seizure medication displaying a could care less attitude as to whether Plaintiff lived or died.

(13) **Plaintiff continued** to have seizure activity on August 28th, & 31st and September 2nd, 4th and 6th as well as extreme pain of the neck and back, feet, head elbow and abdominal region, all of which was reported and ignored by Prison Personell at L.A.R.C.

(14) **Plaintiff** submitted (5) five seperate medical requests and all were ignored by medical personell at L.A.R.C., these medical requests have never surfaced again.

(15) **Plaintiff was transferred** from L A R C to the James Crabtree Correctional Center on September 7th 2011

# CONTINUED SUPPORTING FACTS TO COUNT I

(16) Plaintiff advised the nurse at the morning "Pill line" the morning of September 8th 2011 of his seizure issues and medications need, nurse Kunzeman and Powell advised Plaintiff they would "Check into it", Plaintiff advised Captain Patrick Jackson during an intake questionnaire of his seizure condition, hearing and vision problems the night before being placed in a housing unit.

(17) Plaintiff was told to submit a sick call and Plaintiff did so on September 9th and again on September 12th 2011, and has submitted RTS's and S/c's until the filing of this complaint

(18) Plaintiff was seen by DR. Jeffery Truett on 9/21/11, (9 days later), DR. Truett displayed a DELIBERATE indifference total disregard for my medical conditions, Plaintiff had a seizure on 9/11/11, reported it, staff members just stood by an watched, medical was notified and just said "OK", DR. Truett advised Plaintiff he needed more records, records that the Dept. already had, and continued to say he needed more records until February 23RD 2012 incident

(19) Plaintiff has continued to see DR. Truett after submitting sick call slips, and each time DR. Truett advises "I need more records" and DR. Truett continued to do so until Plaintiff was found unconscious at his assigned facility 4B on February 23RD 2012 in a grand mal seizure for approx 45 minutes, DR. Truett then placed the Plaintiff on (one) of the two medications he was supposed to be on and at that time put him in for a consult with a neurologist ~~consult~~ Plaintiff experienced 13 seizures in the month of March and was ignored

(20) Plaintiff continued to have seizures, continued to submit sick call requests about the other type of seizure (PHYCOGENIC) after having an episode, the defendants TRUETT, FRECH and the nurses continued to ignore Plaintiff's pleas for help and the proper medications he should never of been taken off of in the first place, one officer Gary Klepper threatened to "beat Plaintiff up if he came out of a seizure in a combative mode

(21) Plaintiff continued to see DR. Truett who displayed a total disregard for his medical problems, from the date of his arrival, stating "there's nothing I can do until you see the neurologist", this continued being said by J. TRUETT at each appointment, and continued to be his verbal format each time Plaintiff would been seen at JCCC medical. also stating that "I AM NOT A NEUROLOGIST"

(22) Plaintiff continued to submit complaints about his condition, and about why he had not been seen by a neurologist, this scenario continued from February 23RD 2012, until August 28th 2012 at which time Plaintiff filed his first civil rights complaint against the defendants in which Plaintiff took a voluntary dismissal for fear of Reprisal

(23) Plaintiff continued to submit complaints and sought reasoning as to why he had been waiting over 300+ days to see this alledged neurologist

(24) Plaintiff filed a Temporary restraining order and Preliminary injunction on the defendants in November 2012

CONTINUED SUPPORTING FACTS TO COUNT I

(25) In Mid December After the filing of the TRO/P.I. the Plaintiff was taken to Oklahoma University hospital to a Neurologist after waiting appx. one year. and 100 + Seizures later.

(26) The Neurologist diagnosed Plaintiff with Generalized Tonic Clonic Epileptic Seizures, Phycogenic Non Epileptic Seizures and acute extreme anxiety disorder and recommended Plaintiff be placed on an anti anxiety Medication to control the Phycogenic Seizures.

(27) After this recommendation approx. 2 weeks afterward DR. Truett followed up with the Plaintiff and advised that he would be scheduled to see the facility PHYciatrist DR. Howard, DR. JEFF Truett did not advise Plaintiff that he was going to begin tapering Plaintiff off of the prescribed Medication 'Gabapentin' for the Generalized Tonic Clonic Seizures, instead he left it up to his nurses to break the news to Plaintiff to avoid a Confrontation Concerning that issue and that medication has been discontinued and the defendants are not following the Recomendations of the Neurologist wasting the States money.

(28) After finding out about the Medication being discontinued, Plaintiff wrote the neurologist about the situation, the neurologist responded back Stating that Plaintiff Should not have been taken off the Medication, that he should be recieving this Medication twice a day, that it should not have been Changed Since there were no further episodes prior to February 23RD 2012 and that he should be on an anti anxiety Med. the defendants refuse to Put Plaintiff on any medications whatsoever.

(29) Plaintiff requested to see DR. Truett, at which time he stated "Well I Kinda have to go with what the Neurologist recommended," Plaintiff advised DR. Truett of what the Neurologist Said, DR. Truett ignored Plaintiff and continued to deny Plaintiff treatment and Medications, and thereafter has continued to lie to Plaintiff about treatment.

(30) Plaintiff Seen the facility Phyciatrist DR. Howard on February 2ND 2013, DR. Howard told Plaintiff "he needed to make a phone call to his Supervisor," *A DR. SHRINER* staged a Call to 405/203/0334 and did not allegedly get through, he stated he had to get with his Supervisor to see if he could get the medicine (assumtively KLONOPIN), that it had to be approved by his Supervisor and also the facility head had to decide also whether or not Plaintiff could be put on the Medication at this facility, another Passification and deliberat indifference to Care.

# CONTINUED SUPPORTING FACTS TO COUNT I

(31) Plaintiff was instructed to request to see DR. Howard had there been no response back from him in 10 days, Plaintiff did so, and as usual K. Frech intercepted Plaintiffs attempt to send DR. Howard a Request to Staff, answering the R.T.S. (which is a policy violation) stating I was being placed on the list to see DR. Howard "AGAIN" to discuss medication options (RTS dated 3/05/13) approx 29 days later Plaintiff caught DR. Howard out on the MSU unit and asked him what was going on, DR. Howard replied "my boss DR. SHRINER says I can't do that" (uncertain as to what that meant), DR. Howard then put both hands up to Plaintiffs face in a gesture telling him to go away, and replied "I can't talk to you any further about this."

(32) Plaintiff was notified by C/m that he had an appt. on 3/22/13, Plaintiff went to that appointment, and was sent back to the unit by DR. JOSEPH SMASH, stating that DR. Howard will see you Monday 3/25/13 "when he has time to sit down and talk to you."

(33) Plaintiff did not see DR. Howard on that date, Plaintiff was called to see DR. Howard and did so on 4/01/13, at which time DR Howard asked "WHY ARE YOU HERE", a conversation ensued at which time DR. Howard stated "He couldn't discuss Plaintiffs situation any further", put his hands up and asked Plaintiff to leave

(34) The defendants collectively continue to deny Plaintiff needed medications and treatment, continue to block Plaintiffs access to medical personell (V.I.A. K Frech) and have now went completely against the specialists recommendations/orders, Plaintiff now refiles his complaint and seeks relief and compensation from his oppressors

(35) On April 29th 2013 after being off the G.T.C. medication (Plaintiff) went into a Grand Mal Seizure for approx 1 hour (4 SEPERATE TIMES), Plaintiff laid on the ground for approx 45 minutes, staff members called medical, a nurse showed up and stated "I don't know what to do", after medical was called several times, the nurse requested for an ambulance and the central control officer stated "we will see about that", Plaintiff was placed on a "trash cart" and drug to the medical department with a pulse of 160, the doctor refused to even examine the Plaintiff and was thereafter sent back to his assigned unit with no treatment or medication Plaintiff has had over 100+ documented seizures since arriving at JCCC and the defendants each and every time just stand by and watch Plaintiff suffer and do nothing to prevent him from having seizures

MSU = MINIMUM SECURITY UNIT

C/m = CASE MANAGER

U/m = UNIT MANAGER

C) (1) Count III: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE 4th, 5th, 6th, 8th, AND 14 AMMENDMENT, VIOLATION OF H.I.P.A.A. VIOLATION OF STATE AND FEDERAL LAW RESPECTIVELY, invasion of Privacy and other applicable Statutes unknown to the PRO-SE Plaintiff

(2) Supporting Facts: ON OR ABOUT 07/15/12 the Defendants J. Troutt, Katrynna Freed and unknown defendants were called by D.O.C. legal who requested that portions of Plaintiffs D.O.C. Medical records be copied and Faxed to D.O.C. Headquarters attorneys for the department of Corrections whom thereafter released my confidential Medical and Physcological records to the attorneys for the defendants in a lawsuit against the Pawnee County jail, the records released went beyond the scope of any discovery and there was no court order specifically releasing the records in question, nor was a consent for release ever signed by the Plaintiff, Plaintiff did not recieve a copy of the records, the defendants J. Troutt, K. Freed, Genese McCoy, Sammie Kenyon and unknown defendants are working in Collusion with the Pawnee County officials to defend their lawsuit and to further deprive the Plaintiff of his Constitutional rights and access to Medical Care in an effort presumtively hoping the Plaintiff will decease to evidentally avoid liability against the county jail and the James Crabtree correctional facility.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☒ No ☐. If your answer Is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: TORIN DON LEMMONS

Defendants: WATERS Et. AL PAWNEE COUNTY JAIL

b) Name of court and docket number NORTHERN DISTRICT, U.S. DISTRICT COURT CASE NUMBER 11-0500-CVE-PJC

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) PENDING

d) Issues raised MEDICAL NEGLIGENCE, MAL PRACTICE, Violation of 4th, 6th, 8th AND 14th AMMENDMENT, illegal search and seizure,

e) Approximate date of filing lawsuit 8/23/11

f) Approximate date of disposition UNKNOWN AT THIS TIME

# CONTINUED LAWSUITS AND ADMINISTRATIVE RELIEF

a) Parties to previous lawsuit

PLAINTIFF: TOBIN DON LEMMONS

DEFENDANTS: MICHAEL HOUSTON, OKLAHOMA DEPT. OF CORRECTIONS ET. AL.

Name of Court and Docket number: U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA.

CASE NUMBER: CIV - 12 - 940 - D > Plaintiff took a Voluntary dismissal for fear of reprisal by D.O.C. Staff and because Plaintiff thought the defendents were going to help him after sending him to a Neurologist

ISSUES RAISED: Medical Negligence, Mal practice, Violation of 4th, 5th, 6th, 8th and 14th ammendment

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☑ No ☐ . If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought. Upon my arrival I attempted to formally handle my medical treatment V.I.A The sick call process through D.O.C 140117 A Form, stating "Emergency". I attempted To submit Request For Medical Services, which the only comments section was alway's answered "Sean Dr." I attempted to submit 30+ Request To Staff, to informally resolve my medical treatment (D.O.C 090124 D-Forms) to the C.H.S.A, all of which were returned to me conveniently unanswered by Katryna Frech, C.H.S.A. I attempted to file a grievance without a answered R.T.S (As improperly instructed by Frech, C/m, U/m, and U/T), 1. Knowing it would be sent back. I sent all paperwork to A.R.A Genese McCoy whom totally disregarded ALL attempts, as did C.H.S.A, and continuously sent all my paperwork back. I also sent paperwork to House Rep's Lisa Billy, T.W. Shannon, Richard Lerblance, ACLU and U.S Dept. of Justice. Katryna Frech instructed her nurses that ANY paperwork I sent to Medical Services was to be brought directly to her, in which she would each time send ALL my attempts to formally resolve my complaint, and my attemps to exaust my ADM. remedies pursuant to 42 USC 1997 (E) back to me unanswered stating it was a POLICY VIOLATION TO ANSWER my requests. K. Frech violated policy on 9/26/11 and 1/17/12 by previously answering the afforementioned R.T.S's. and SEVERAL OTHER DATES ALSO and CONTINUOUS TO BLOCK ALL PLAINTIFFS ATTEMPTS TO GAIN MEDICAL TREATMENT. And OTHER STAFF MEMBERS WITHIN HER DEPARTMENT as well as others Similarly Situated and all attempts to file grievances are blocked by Defendant FRECH, repeatively.

E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: I have a civilly protected right (Not A Privilege) to a minimal standard of Health Care/Medical treatment and proper medications for my Life threatening illness. Permanent injunction against the defendants for any type reprisals/RETALIATION

I am entitled to punitive, compensatory, exemplary, nominal, mental, and emotional damages et.al From injuries sustained from the denial of medical care, treatment, neglect, and negligence that has been continuous and intentional by the defendants et. al., begining from August 23RD, 2011 to continuing date of resolution, which afformentioned Civil Rights were and are continuing to be violated under the eighth (8TH) and fourteenth (14TH) ammendment of the United States Constitution in excess of Ten thousand dollars ($10,000), damages which may be intended to punish defendants for their conduct, or lack there'of "and deter them and others from committing similar acts in the future "ad damnum" and grant such other relief it may appear plaintiff is entitled, monetarily BOTH INDIVIDUALLY AND COLLECTIVELY are all defendants sued, as well as in their official capacities

Signature of Attorney (if any)

[signature]

Signature of Petitioner

(Attorney's full address and telephone number.)

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at JCCC Helena Oklahoma on 5/10/13, ~~199~~ 20 13.
(Location) (Date)

[signature]
(Signature)

216 N. Murray Str
Helena Okla. 73741-9606




RECEIVED
MAY 14 2013
Clerk, U.S. District Court
WEST.DIST.OF OKLA.

U.S. Dist. Court for the Western
State of Oklahoma
200 N.W. Fourth Street
Oklahoma City, Oklahoma
731