IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TOBIN DON LEMMONS,            )
                              )
        Plaintiff,             )
                              )
v.                            )         Case No. CIV-13-494-D
                              )
MICHAEL HOUSTON, et al.,       )
                              )
        Defendants.            )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights.[1] United States District Judge Timothy DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Now before the Court is Plaintiff's Motion Requesting a Temporary Restraining Order and Preliminary Injunction. ECF No. 3.

## I. INTRODUCTION

By his motion, Plaintiff seeks a temporary restraining order (TRO) and a preliminary injunction "to ensure [he] receive[s] necessary and adequate medical care that [he] is not receiving due to neglect, malpractice, and [i]ncompassionate care by the defendants." ECF No. 3:1. He does not specifically identify to whom the restraining order or injunction should be issued.

---

[1] Plaintiff filed a previous action concerning the same issues raised in this case. *See Lemmons v. Houston*, Case No. CIV-12-940-D. He filed that action on August 28, 2012, but voluntarily dismissed it on December 28, 2012.

## II. DISCUSSION

### A. Temporary Restraining Order is Inappropriate

Before proceeding to discussion of Plaintiff's motion for preliminary injunction, the undersigned recommends that Plaintiff's motion for temporary restraining order be denied. Temporary restraining orders are a special type of injunctive relief that is granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." *See* 11A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* 2d § 2952; *see also Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) (strict compliance with Rule 65(b) is required for temporary restraining order). The undersigned finds that Plaintiff has failed to show specific facts in an affidavit or his verified complaint that he will suffer irreparable injury "*before the adverse party can be heard in opposition.*" Fed.R.Civ.P. 65(b)(1)(A). Furthermore, Plaintiff has not certified in writing his efforts to either give notice or show why notice should not be required. Fed.R.Civ.P. 65(b)(1)(B). Plaintiff has recently brought a nearly identical lawsuit that he voluntarily dismissed, and Plaintiff is in the custody of the Oklahoma Department of Corrections and incarcerated in the same facility that those who would apparently be subject to the TRO work. In this case, the procedural safeguards of Fed.R.Civ.P. 65(b) have not been scrupulously honored and it is recommended that the TRO be denied. The undersigned will now turn to Plaintiff's request for a preliminary injunction.

## B. Plaintiff's Request for a Preliminary Injunction

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). "If the plaintiff can establish that the latter three requirements tip strongly in his favor, the test is modified, and the plaintiff may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002).

### 1. Likelihood of Success on the Merits

For the reasons explained below, the undersigned finds that Plaintiff has failed to establish that the latter three elements tip strongly in his favor, and so the "substantial likelihood" test will be applied in considering the first criterion.

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). This obligation "includes medical treatment for inmates' physical ills [and] dental care[.]" *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980) (internal quotations and

3

citations omitted). The fact that a state must provide medical treatment does not mean, however, that mere negligence in diagnosing or treating an inmate's medical condition gives rise to a valid constitutional claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* This standard is met when (1) there is a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and (2) a prison official "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). A prisoner must satisfy both the objective component and the subjective component of the deliberate indifference test. *Mata v. Saiz*, 427 F.3d 745, 751-752 (10th Cir. 2005).

Not every claim of inadequate medical treatment rises to the level of a constitutional violation. A claim of medical malpractice or negligence plainly does not constitute a constitutional violation. *Estelle*, 429 U.S. at 105-06. As the Supreme Court has stated:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

4

*Id.* at 106; *see Whitley v. Albers*, 475 U.S. 312, 319 (1986) (Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety"); *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (a claim that prison doctor was negligent in treatment of plaintiff did not constitute a constitutional violation). Likewise, a disagreement over a course of treatment does not amount to a constitutional violation. *Ramos*, 639 F.2d at 575 ("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment"); *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (disagreements with the treatment provided by prison medical staff do not in themselves rise to the level of deliberate indifference necessary to show a violation of the Eighth Amendment).

The undersigned has carefully considered the allegations raised in the Complaint, and they show that Plaintiff received medical care on numerous occasions, including an outside consultation; however, he disagrees with the type of care he is receiving.[2] Even if Plaintiff believed that his course of treatment amounted to medical malpractice, medical malpractice in and of itself is not actionable under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. As expressed in *Farmer v. Brennan*, 511 U.S. 825, 828 (1994), a plaintiff must show that the defendant in question intentionally ignored "a substantial risk of serious harm to an inmate" to maintain a constitutional claim under the Eighth Amendment. The state of mind required is "more blameworthy than negligence." *Id.* at 835. Specifically, *Farmer* indicated that careless diagnosis or treatment of known

---

[2] This finding is for the purpose of considering the appropriateness of a preliminary injunction, and in no way constitutes a finding as to ultimate merit of Plaintiff's claims.

"serious medical needs of prisoners" is insufficient. *Id.* As measured against these standards, Plaintiff's allegations do not show a substantial likelihood of success on the merits.

### 2. Irreparable Harm if the Preliminary Injunction is Denied.

Plaintiff has also failed to show irreparable harm if the preliminary injunction is denied. As noted above, Plaintiff is and has received medical care for his condition. He obviously believes that the course of treatment being followed is insufficient to treat his condition, and alludes to what the consequences could be, but he has not shown that irreparable harm will occur if the course of his treatment is not changed. Accordingly, the undersigned finds that Plaintiff has not made an adequate showing that he will suffer irreparable harm if the preliminary injunction is not granted.

### 3. Balancing Harm Against Threatened Injury/Public Interest

Finally, Plaintiff has failed to demonstrate either that the threatened injury would outweigh the burden caused by the injunction, or that entry of the injunction would not be adverse to the public interest. The type of injunction Plaintiff seeks—a mandatory injunction—"affirmatively require[s] the nonmovant to act in a particular way, and . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure that the nonmovant is abiding by the injunction." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099 (10th Cir. 1991), *overruled on other grounds, O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc) (this court's delineation in *SCFC ILC* of three types of disfavored

preliminary injunction is well-reasoned and consistent with the historic purpose of the preliminary injunction). This is a "specifically disfavored" type of injunction, and Plaintiff has a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal,* 389 F.3d at 975. Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 976. The undersigned finds that Plaintiff has failed to make the strong showing required for a mandatory injunction.

Finally, the undersigned finds that Plaintiff has failed to show that the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). In *Turner*, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84-85. The desired injunction would obviously interfere with medical decision making, and with the prison's administration. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.

**RECOMMENDATION**

In light of the foregoing, it is recommended that **Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction [Doc. No. 3]** be **DENIED**. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **July 16, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation **does not** dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on June 26, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE