IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOBIN DON LEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-494-D |
| | ) | |
| MICHAEL HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a state prisoner appearing *pro se,* brought this action pursuant to 42 U. S. C. § 1983, asserting violations of his constitutional rights in connection with the alleged failure to provide Plaintiff with proper medical care. In accordance with 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings. Plaintiff filed a motion [Doc. No. 3] for a temporary restraining order ("TRO") and a preliminary injunction.

On June 26, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 13] in which he recommended that the TRO and preliminary injunction requests be denied. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

As the Magistrate Judge explained in the Report and Recommendation, Plaintiff requests a TRO and a preliminary injunction to ensure that he receives adequate medical care while incarcerated. Although he names more than ten defendants, Plaintiff does not identify to whom the TRO or preliminary injunction should be directed.

In the Report and Recommendation, the Magistrate Judge accurately set out the legal standards governing a TRO. In particular, he noted that such motions require strict adherence to the requirements of Rule 65(b) of the Federal Rules of Civil Procedure. More specifically, the Magistrate Judge concluded that Plaintiff has not, in a verified complaint or affidavit, shown

sufficient facts supporting a contention that he will suffer irreparable injury if relief does not issue "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Magistrate Judge concluded that strict compliance with Rule 65(b) has not been shown, and a TRO should not issue under these circumstances.

The Court agrees that Plaintiff's submissions do not warrant granting the extraordinary relief of a TRO. Although Plaintiff objects to the denial of relief, he offers no persuasive argument or authority warranting issuance of a TRO under these circumstances. The request for a TRO is denied.

With respect to Plaintiff's request for a preliminary injunction, the Magistrate Judge discussed in detail the standards governing preliminary injunctive relief.[1] Report and Recommendation at pages 3-7. Applying these standards to Plaintiff's allegations, the Magistrate Judge concluded that Plaintiff has not made an adequate showing that he is likely to succeed on the merits of his claim of an Eighth Amendment violation based on alleged deliberate indifference to his serious medical needs. He further found that Plaintiff has not made a sufficient showing that he will suffer irreparable harm if an injunction does not issue, nor has he demonstrated that his threatened harm outweighs the burden caused by granting the requested injunctive relief. Finally, the Magistrate Judge found that Plaintiff has failed to show that his requested injunction is not adverse to the public interest.

The Court agrees with the Magistrate Judge's legal and factual analysis, and concludes that

---

[1] It is well established that, to obtain a preliminary injunction, a party must establish: 1) a likelihood of success on the merits of the claim; 2) irreparable harm to the movant if the injunction is denied; 3) the threatened harm to the movant outweighs any harm to the opposing party if the injunction issues; and 4) issuance of the injunction would not be adverse to the public interest. *Flood v. ClearOne Communications, Inc.,* 618 F. 3d 1110, 1117 (10th Cir. 2010).

a preliminary injunction should not issue. Furthermore, Plaintiff's objections to the Report and Recommendation fail to present sufficient authority or argument to overcome the Magistrate Judge's recommendation that injunctive relief should not be granted at this time.

Having conducted a *de novo* review, the Court adopts the Report and Recommendation [Doc. No. 13] as though fully set forth herein. Plaintiff's motion [Doc. No. 3] seeking a TRO and a preliminary injunction is DENIED. This matter remains under referral to Magistrate Judge Erwin.

IT IS SO ORDERED this 31st day of July, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE