IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOBIN DON LEMMONS, ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> MICHAEL HOUSTON, JEFF TROUTT, ) <br> JANET DOWLING, KATRYNA FRECH, ) <br> GENESE MCCOY, SAMMIE KENYON, ) <br> JAMES HOWARD, DR. SHRINER, ) <br> JOSEPH SMASH, DOES, ) <br> LEONIDES BERMEJO, CHERIAN ) <br> KARUNAPUZHA, LORI IRWIN, GREGG ) <br> BROOKS, KENYA SACKETT, FELICIA ) <br> HARRIS, ROBERT PATTON, and JUSTIN ) <br> JONES, In His Individual Capacity. ) <br> ) <br>     Defendants. ) | Case No. CIV-13-494-D |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (ECF No. 25) (Second Amended Complaint). United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is the Motion for Summary Judgment (ECF No. 51) (Motion) filed on behalf of Dr. Cherian Karunapuzha and Dr. Leonides Bermejo.[1] Plaintiff has responded. (ECF No. 56) (Response). For the

---

[1] Plaintiff moved to dismiss Dr. Bermejo on April 22, 2014. (ECF No. 55). The motion was granted on May 8, 2014. (ECF No. 63).

reasons set forth below, it is recommended that the § 1983 claims against Dr. Karunapuzha be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. In addition, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law tort claims and **DISMISS** those claims **WITHOUT PREJUDICE**.

I.  **Background**

Plaintiff's Second Amended Complaint is based primarily on prison officials' alleged deliberate indifference to his serious medical needs. Specifically, Plaintiff alleges he has both tonic-clonic seizures and psychogenic seizures. Plaintiff alleges that prison doctors will not treat him with the medication he needs for tonic-clonic seizures, even after the medication was prescribed by neurologists.

Plaintiff identifies Dr. Karunapuzha in the Second Amended Complaint as a "qualified neurologist" at the Oklahoma University Health Science Center (OUHSC). (ECF No. 25 at 5). Although Plaintiff does not use Dr. Karunapuzha's name, it is clear Plaintiff is referring to Dr. Karunapuzha in the Second Amended Complaint when Plaintiff states "the neurologist" diagnosed him with generalized tonic-clonic epileptic seizures and psychogenic seizures and recommended that Plaintiff be prescribed anti-anxiety medication when he returned to JCCC (*Id.* at 9). According to Plaintiff, Defendant Troutt ordered the medical staff to begin "tapering Plaintiff off" Gabapentin, the prescribed anti-seizure medication used to control his tonic-clonic seizures. (*Id.*). Plaintiff states he

wrote to the neurologist about the situation, and the neurologist answered him stating Plaintiff should not have been taken off Gabapentin. (*Id.*). According to Plaintiff, Dr. Troutt ignored him and refused to follow the neurologist's prescribed treatment.

Plaintiff states he returned to OUHSC on August 21, 2013, and was attended by different neurologists who are not parties to this suit. This neurologist questioned Plaintiff as to why he was no longer taking Gabapentin. The second neurologist prescribed Gabapentin. (*Id.* at 11).

## II. Issues Presented

In his Second Amended Complaint, Plaintiff states "the aforementioned neurologist[2] neglected to, and continues to neglect to inform the defendants of their intention to keep Plaintiff on the proper medications for the G.T.C. seizures." (*Id.* at 11).

## III. Analysis

Dr. Karunapuzha has attached an Affidavit to his motion for summary judgment. (ECF No. 51-1). Normally this Court could consider the Affidavit as a recitation of undisputed facts. In this case, however, the Affidavit is not signed by Dr. Karunapuzha. The only other evidence attached to his motion consists of documents intended to demonstrate Dr. Karunapuzha was working under contract with the Oklahoma Department of Corrections and is, therefore, entitled to immunity under the Oklahoma

---

[2] To which neurologist Plaintiff is referring is unclear.

Tort Claims Act.[3] He is, nevertheless, entitled to dismissal of the Eighth Amendment claims against him on an alternative basis: that Plaintiff has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A.  **Standard of Review**

Pursuant to 42 U.S.C. § 1997e, a Federal court is authorized to dismiss civil rights actions if the plaintiff has failed to state a claim upon which relief may be granted:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C.A. § 1997e (c)(1).

Because Plaintiff has sued government officials, and is proceeding in forma pauperis, the court has a duty to screen the complaint. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). To that end, the court must dismiss a claim "at any time" if a plaintiff (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b)(1)-(2), 1915(e)(B)(ii)-(iii). To survive the first element, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[3] The state law action in Alfalfa County was dismissed for failure to state a claim upon which relief may be granted. (ECF No. 66-1).

4

544, 570 (2007). In applying this standard, the court assumes the truth of all well-pleaded factual allegations in the complaint and construes them in the light most favorable to Plaintiff. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

### B. Plaintiff's Claims

It has long been settled that deliberate indifference to a serious medical need of an inmate violates the Eight Amendment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "The analysis [of an Eighth Amendment claim] should not be based on 'a court's idea of how best to operate a detention facility,'" but should reflect "the evolving standards of decency that mark the progress of a maturing society," which the Tenth Circuit has characterized as a "lofty standard." *DeSpain v. Uphoff*, 264 F.3d 965, 973-74 (10th Cir. 2001) (citing *Rhodes v. Chapman*, 452 U.S. 337, 351, (1981)).

To prevail on his claim, Plaintiff must demonstrate: (1) objectively, the harm he complains of is sufficiently "serious" to merit constitutional protection and (2) Defendant Karunapuzha was subjectively aware of a substantial risk to Plaintiff's health or safety and acted in purposeful disregard of that risk. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

The claims against Dr. Karunapuzha's conduct, as alleged by Plaintiff, cannot rise to the level of an Eighth Amendment violation. Plaintiff himself has acknowledged Dr.

Karunapuzha accurately diagnosed his conditions and recommended Plaintiff be prescribed Gabapentin. Once Dr. Karunapuzha had examined Plaintiff and recommended a course of treatment, the doctor had no authority to monitor or correct the prison doctor's decisions regarding Plaintiff's medication. Because Plaintiff has failed to state an Eighth Amendment claim against Dr. Karunapuzha, the claims should be dismissed. Moreover, the claims should be dismissed with prejudice. Here, it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

### C. Pendent State Law Claims

Plaintiff has asserted pendent state law claims of negligence against Dr. Karunapuzha. District courts may decline to exercise supplemental jurisdiction over a pendent state law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C.A. § 1367(c)(3). As set forth above, it is recommended that Plaintiff's § 1983 claims against Dr. Karunapuzha be dismissed. Therefore, if the Court adopts the recommendation to dismiss Plaintiff's federal claims against Dr. Karunapuzha, it is recommended that Plaintiff's state law claims be dismissed without prejudice.

### RECOMMENDATION

After careful consideration of the issues in this action, it is recommended that the §1983 claims against Dr. Karunapuzha be **DISMISSED WITH PREJUDICE**. It is

further recommended that the Court decline to exercise supplemental jurisdiction over the state law tort claims and that those claims be **DISMISSED WITHOUT PREJUDICE.** Should the Court adopt this Report and Recommendation, the Clerk of the Court should be advised to terminate the Motion for Summary Judgment (ECF No. 51).

## NOTICE OF RIGHT TO OBJECT

The parties are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 19, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **does not** dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 2, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE