IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOBIN DON LEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-13-494-D |
| | ) | |
| MICHAEL HOUSTON, JEFF TROUTT, | ) | |
| JANET DOWLING, KATRYNA FRECH, | ) | |
| GENESE MCCOY, SAMMIE KENYON, | ) | |
| JAMES HOWARD, DR. SHRINER, | ) | |
| JOSEPH SMASH, DOES, | ) | |
| LEONIDES BERMEJO, CHERIAN | ) | |
| KARUNAPUZHA, LORI IRWIN, GREGG | ) | |
| BROOKS, KENYA SACKETT, FELICIA | | |
| HARRIS, ROBERT PATTON, and JUSTIN | ) | |
| JONES, In His Individual Capacity. | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This Report and Recommendation supplements the Report and Recommendation filed on February 2, 2015, (ECF No. 94). In that document, the undersigned addressed the Motion for Summary Judgment (ECF No. 51) filed on behalf of Dr. Cherian Karunapuzha and recommended dismissal with prejudice of the claims against Dr. Karunapuzha, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The undersigned further recommended dismissal of pendant state law claims without prejudice.

The undersigned relied on the screening requirement of 28 U.S.C. § 1915 (for complaints filed in forma pauperis) because Dr. Karunapuzha had attached an unsigned Affidavit to his motion for summary judgment. (ECF No. 51-1). The only other evidence

attached to his motion consists of documents intended to demonstrate Dr. Karunapuzha was working under contract with the Oklahoma Department of Corrections and is, therefore, entitled to immunity under the Oklahoma Tort Claims Act.[1] In his Response to Dr. Karunapuzha's Motion for Summary Judgment (ECF No 56), Plaintiff simply repeated the same accusations included in his Second Amended Complaint. His Response contained no statement of disputed facts that would defeat Dr. Karunapuzha's Motion for Summary Judgment.

In his Reply to Plaintiff's "Objections" to Defendant Dr. Cherian Karunapuzha's Motion for Summary Judgment (ECF No. 72), however, Dr. Karunapuzha attached a copy of a signed Affidavit. (ECF No. 72-1). Upon reconsideration of Dr. Karunapuzha's motion, as supported by the signed Affidavit, the undersigned concludes Dr. Karunapuzha's Motion for Summary Judgment **(ECF No. 51)** should be **GRANTED**, and the pendent state law claims should be **DISMISSED WITHOUT PREJUDICE**.

## ANALYSIS

### A. Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local* 382, 462 F.3d

---

[1] The state law action in Alfalfa County was dismissed for failure to state a claim upon which relief may be granted. (ECF No. 66-1).

1253, 1258 (10th Cir. 2006) (quotation omitted). And, while the court liberally construes a pro se plaintiff's complaint, that plaintiff must adhere to the same rules of procedure that are binding on all litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by a pro se plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court instructs that the plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Plaintiff's Claims

It has long been settled that deliberate indifference to a serious medical need of an inmate violates the Eight Amendment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "The analysis [of an Eighth Amendment claim] should not be based on 'a court's idea of how best to operate a detention facility,'" but should reflect "the evolving standards of decency that mark the progress of a maturing society," which the Tenth Circuit has characterized as a "lofty standard."

3

*DeSpain v. Uphoff*, 264 F.3d 965, 973-74 (10th Cir. 2001) (citing *Rhodes v. Chapman*, 452 U.S. 337, 351, (1981)).

To prevail on his claim, Plaintiff must demonstrate: (1) objectively, the harm he complains of is sufficiently "serious" to merit constitutional protection and (2) Defendant Karunapuzha was subjectively aware of a substantial risk to Plaintiff's health or safety and acted in purposeful disregard of that risk. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

For this analysis, the undersigned assumes Plaintiff has stated sufficient facts to demonstrate the harm he complains of is sufficiently serious to merit constitutional protection. The claims against Dr. Karunapuzha's conduct, as alleged by Plaintiff himself, do not demonstrate Dr. Karunapuzha was subjectively aware of a substantial risk to Plaintiff's health and acted in purposeful disregard of the risk. Plaintiff has acknowledged Dr. Karunapuzha accurately diagnosed his conditions and recommended Plaintiff continue to take Gabapentin. (ECF No. 25 at 9). Once Dr. Karunapuzha had examined Plaintiff and recommended a course of treatment, he had no authority to monitor or correct the prison doctor's decisions regarding Plaintiff's medication.[2] Plaintiff has failed to demonstrate the existence of disputed facts. Moreover, he has failed to state an Eighth Amendment claim against Dr. Karunapuzha. For these reasons, it is

---

[2] In Dr. Karunapuzha's letter to Plaintiff dated January 17, 2012, Dr. Karunapuzha summarized his diagnosis and recommended treatment, but he also stated that "it is finally up to your treating psychiatrist to decide how best to manage your anxiety/panic attacks (which in your case seems to trigger these nonepileptic spells) and also entirely up to him to decide which anxiolytic medication to choose." (ECF No. 72-5).

recommended that Dr. Karunapuzha's Motion for Summary Judgment be granted.

## C. Pendent State Law Claims

Plaintiff has asserted pendent state law claims of negligence against Dr. Karunapuzha. District courts may decline to exercise supplemental jurisdiction over a pendent state law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C.A. § 1367(c)(3). As set forth above, it is recommended that Dr. Karunapuzha's motion for summary judgment be granted. Therefore, if the Court adopts the recommendation, it is further recommended that Plaintiff's state law claims be dismissed without prejudice.

## RECOMMENDATION

After reconsideration of the issues in this action, it is recommended Dr. Karunapuzha's Motion for Summary Judgment **(ECF No. 51)** be **GRANTED.** It is further recommended that the Court decline to exercise supplemental jurisdiction over the state law tort claims and that those claims be **DISMISSED WITHOUT PREJUDICE.**

## NOTICE OF RIGHT TO OBJECT

The parties are hereby advised of their right to file an objection to this **Supplemental** Report and Recommendation with the Clerk of this Court by **February 20, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v.*

*Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **does not** dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 3, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE